IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERMAINE TYREE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-CV-503-WHA-CSC |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, brings this 42 U.S.C. § 1983 action against Defendant Correctional Officers Lt. Waver, Officer Golden and the State of Alabama[1]. Plaintiff alleges that Defendants failed to provide him with adequate mental health care in violation of his constitutional rights while he was incarcerated at Elmore Correctional Facility. He seeks injunctive relief and declaratory relief. Doc. 1 at p. 4. He specifically states, "I want something done about this matter, and these officer that work for the officer[s] that work for the State of Alabama need to take there {sic} job more seriously, and if I could of talk to my mental health counsel maybe I could of avoid assaulted {sic} inmate Allen." *Id.* Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Constitution of State of Alabama prohibits the State from being a Defendant in a court of law or equity. *Selensky v. Ala.,* 619 F. Appx., 846, 848-49 (11th Cir. 2015) *citing Alabama v. Pugh,* 438 U.S. 781, 782 (1978).

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

## I. DISCUSSION

Plaintiff seeks to hold Defendants liable under the Eighth and Fourteenth Amendment and for failure to provide him mental health care while he was incarcerated at Elmore Correctional Facility. Doc. 1 pp. 2-4. Specifically, he alleges he told Defendant Correctional Officers, Lt. Waver and Officer Golden, that he wanted to speak with mental health providers because he was angry at another inmate for stealing his personal belongings. He further alleges that Defendants ignored his request for mental health attention and that he was unable to control himself and subsequently assaulted the thieving inmate. *Id.* At the time Plaintiff filed this action he was housed in Kilby Correctional Facility. *Id.* He was subsequently transferred to Bullock Correctional Facility. (Doc. 8).

Under Eleventh Circuit precedent "a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen,* 502 F. 3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas,* 563 U.S. 277 (2011); see also, *Zatler v. Wainwright,* 802 F. 2d 397, 399 (11th Cir. 1986) (per curium.) Here, Johnson brings claims for injunctive and declaratory relief based on the Defendants' failure to ensure he received proper mental health care while incarcerated at Elmore Correctional Facility. Doc. 1 at pp. 2-4. Because Plaintiff has been transferred from Elmore Correctional Facility and is now housed at Bullock Correctional Facility, his claims for injunctive and declaratory relief are moot and are due to be dismissed.

. In light of the foregoing, the court concludes that Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claim for injunctive and declaratory relief based on inadequate medical care be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted;

2. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that **on or before October 14, 2022**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this the 23rd day of September, 2022.

/s/ Charles S. Coody
**CHARLES S. COODY**
**UNITED STATES MAGISTRATE JUDGE**